jones v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-410-CR

JOHN WESLEY JONES, JR. APPELLANT

A/K/A JOHN W. JONES, JR.

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant John Wesley Jones, Jr. of felony bail jumping and assessed his punishment at eight years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  In one point, Appellant contends that the evidence is factually insufficient to support the jury’s rejection of his reasonable excuse defense.  Because we hold that the evidence is factually sufficient to support the jury’s rejection of Appellant’s defense, we affirm the trial court’s judgment.

Section 38.10 of the Texas Penal Code provides, in relevant part:

(a) A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release.

. . . . 

(c) It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release.

. . . . 

(f) An offense under this section is a felony of the third degree if the offense for which the actor's appearance was required is classified as a felony.
(footnote: 2)

 The evidence showed that Appellant failed to appear for a contest docket on July 30, 2003.  State’s witness Debra Cooper, a bond agent for Appellant’s bondsman, testified that after speaking with the court coordinator, she called a friend of Appellant’s in an effort to locate him.  Appellant called her back later that morning and told her that the friend whom he had planned to ride with to court had had car trouble, but they were trying to get the car going.  Cooper told Appellant that he needed to get to court, whether by bus or some other means.  She never heard from Appellant again.

Appellant’s aunt testified that Appellant called her that same morning, but  she could not help him because she did not have a car or any money.  She also testified that Appellant had friends and relatives with paying jobs and access to transportation.  There was no evidence that Appellant ever contacted the court about his absence.  Appellant was arrested about a month later.

 When a defendant challenges the factual sufficiency of the rejection of a defense, the reviewing court employs the same standard of review articulated in 
Zuniga
, because once the defendant has met his or her burden of production of evidence as to a defense, the State bears the burden to prove appellant’s guilt of the charged offense beyond a reasonable doubt.
(footnote: 3)  
A guilty finding is an implicit rejection of the defense.
(footnote: 4)  In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.
(footnote: 5)  We may not substitute our judgment for that of the fact finder’s.
(footnote: 6)
 The jury in this case was free to disbelieve that Appellant could not get to court because of car trouble; it was also free to disbelieve that the excuse, even if true, was reasonable.  Applying the appropriate standard of review,
(footnote: 7) we therefore hold that the evidence was factually sufficient to support the jury’s rejection of Appellant’s defense.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 16, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Penal Code Ann.
 § 38.10 (Vernon 2003).

3:
Roy v. State
, Nos. 14-02-00909-CR & 14-02-00910-CR, 2004 WL 1607489, at *3-4 (Tex. App.—Houston [14th Dist.] July 20, 2004, no pet.); 
see Zuniga v. State
, 144 S.W.3d 477, 482-85 (Tex. Crim. App. 2004);
 Zuliani v. State
, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).  

4:
Zuliani
, 97 S.W.3d at 594.

5:
Zuniga
, 144 S.W.3d at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 

6:
Zuniga, 
144 S.W.3d at 482. 

7:
See id
. at 481-82, 484-87; 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Cain
, 958 S.W.2d at 407 (all providing factual sufficiency standard of review).